IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 APR 29 AM 9: 32
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

MONTGOMERY C. GREEN, JR.,
        **Plaintiff,**

-vs-                                                      Case No. A-12-CA-1048-SS

KEYCORP,
        **Defendant.**

## O R D E R

BE IT REMEMBERED on April 25, 2014 the Court held a hearing in the above-styled cause, and the parties appeared by and through counsel. Before the Court are Defendant KeyCorp's "Motion for Leave to File Amended Answer *Instanter*" [#41], KeyCorp's "Motion to Compel or Permit Joiner of Necessary Party" [#42], Plaintiff Montgomery C. Green, Jr.'s Combined Response [#44], and KeyCorp's Reply [#48]. Having reviewed the documents, the governing law, the arguments of the parties at the hearing, and the file as a whole, the Court now enters the following opinion and orders.

Green has sued his former employer, KeyCorp, claiming he is contractually entitled to a "bonus pool" created by KeyCorp as part of its acquisition of Austin Capital Management, Ltd., a "fund-of-hedge-funds" manager. KeyCorp denies liability. Shortly before discovery was set to close in this case, another former KeyCorp employee, Friedman, informed KeyCorp's counsel he believes he is similarly situated to Green and is also entitled to a portion of the bonus pool. Based on this revelation, KeyCorp has moved to amend its answer to assert the affirmative defense of failure to join a necessary party, and also moved to compel Green to file an amended complaint naming Friedman as a defendant.

Turning first to KeyCorp's Motion to Compel, Rule 19 requires (as relevant here) the joinder of a person if that person "claims an interest relating to the subject of the action" and their absence would "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." FED. R. CIV. P. 19(a)(1)(B)(ii). KeyCorp contends Friedman fits the bill here because his absence from this case will potentially expose KeyCorp to double liability if they are required to pay the full bonus pool to Green and later required to pay some portion of the bonus pool to Friedman.

There are a number of problems with KeyCorp's argument. The primary problem is that KeyCorp has not presented any evidence establishing they will face a "substantial risk" of double liability. Even accepting at face value KeyCorp's assertion Friedman now claims he is entitled to a portion of the bonus pool, there is no evidence he is even arguably justified in holding such a position. The record before the Court indicates the relevant contract—called the Purchase and Sale Agreement, or PSA—restricted Friedman's eligibility to receive his portion of the bonus pool. Specifically, the PSA states KeyCorp's obligation to pay Friedman is "subject to the additional condition that such person's employment with [KeyCorp] shall not have terminated for any reason, in each case, on or before the date any payments from the Special Compensation Bonus Pool [are] due to be paid to him." Pl.'s App'x [#45], at A-9 (PSA § 2.5(h)). Payments under the PSA were due approximately five years from the date of closing, which occurred on April 1, 2006. *Id.* at A-7 (PSA § 2.5(b)).[1] Friedman signed a separation agreement terminating his employment with KeyCorp effective April 2, 2010, a full year before the earliest conceivable due date under the PSA. *Id.* at A-

---

[1] By the terms of the contract, the exact date could shift depending on how quickly each party moved following the five-year anniversary of the closing, and whether the parties agreed on the amount of the bonus pool. PSA § 2.5(c)–(d).

39 (Friedman Separation Agreement). The record presently before the Court therefore establishes Friedman is not entitled to any portion of the bonus pool by the plain language of the contract.

Additionally, Friedman's Separation Agreement contains a broad release of all claims against KeyCorp "that are by reason of or in any manner whatsoever connected with [his] employment relationship with KeyCorp." *Id.* It thus appears Friedman has given up his right to sue KeyCorp for breaching the PSA. Although Friedman may presently be asserting he is "similarly situated" to Green, there is no evidence before the Court suggesting Friedman's waiver is void or unenforceable. Green arbitrated the enforceability of his separation agreement and obtained a favorable award, which has allowed this case to move forward. There is no indication Friedman has done the same. Because there is no basis for believing Friedman has any claim to the bonus pool, despite his recent suggestion to the contrary, he is not a necessary party to this litigation.

Even if Friedman could state a claim to a portion of the bonus pool, KeyCorp has not established such a claim would place KeyCorp at a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Setting aside the fact Friedman has not sued KeyCorp, and has not moved to intervene in this case, KeyCorp remains free to mitigate the amount of damages it must pay to Green (assuming liability) by arguing, for example, a portion of the bonus pool rightfully belongs to Friedman, not Green. For all of these reasons, KeyCorp has failed to show Friedman is a necessary party whose joinder must be compelled.

Having resolved the joinder motion against KeyCorp, its second motion is easily decided. The parties' agreed deadline for filing amended pleadings was November 1, 2013. *See* Scheduling Order [#31]. The Fifth Circuit has noted "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired," and that rule requires a party to show "good cause" before

the liberal amendment standards of Rule 15 are invoked. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Because KeyCorp has failed to show Friedman is a necessary party, it has failed to show there is good cause to allow it to amend its answer to assert an affirmative defense based on Green's failure to join Friedman as a party.

Accordingly,

IT IS ORDERED that Defendant KeyCorp's "Motion for Leave to File Amended Answer *Instanter*" [#41] is DISMISSED without prejudice to refiling;

IT IS FINALLY ORDERED that Defendant KeyCorp's "Motion to Compel or Permit Joiner of Necessary Party" [#42] is DISMISSED without prejudice to refiling.

SIGNED this the 28th day of April 2014.

*[signature]*
SAM SPARKS
UNITED STATES DISTRICT JUDGE